UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VEDANTA LIMITED,<br><br>                    Plaintiff,<br><br>        v.<br><br>NOBLE RESOURCES INTERNATIONAL PTE. LTD.,<br><br>                    Defendant. | Civil Action No. 2:17-cv-00430-CCC-SCM<br><br>**DECLARATION OF BRETT VAN BENTHYSEN IN SUPPORT OF EX PARTE APPLICATION FOR MARITIME ATTACHMENT** |

I, Brett Van Benthysen, declare as follows:

1.      I am an attorney at law duly admitted to practice before the Courts of this State and before this Court and am an associate of Reitler Kailas & Rosenblatt LLC, attorneys for plaintiff Vedanta Limited ("Vedanta").  I make this declaration in support of plaintiff Vedanta's application for the issuance of a Writ of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.  I am familiar with the facts and circumstances set forth herein.

### Defendant Noble is not Present in this District

2.      I have attempted to locate the defendant, Noble Resources International Pte. Ltd. ("Noble"), within this District.  As part of my investigation to locate the defendant within this District, I checked the white and yellow pages for New Jersey listed on the Internet, and did not find any listing for the defendant.  I also checked the State of New Jersey Division of Revenue and Enterprise Services online Business Name Search, which showed no listings or registration indicating that defendant Noble is a New Jersey business entity or is licensed, authorized or registered to do business in the State of New Jersey.  Searches of the World Wide Web also failed to reveal a presence of defendant Noble within this District.

3.      I submit based on the foregoing that the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

### Defendant Noble Has or Will Have Assets within this District

4.      Upon information and belief, defendant Noble trades with certain trading houses located within this District, including, but not limited to, Cargill, Inc., and pursuant to such trading such trading houses owe monies to Noble at various times.

5.      Vedanta wants to serve interrogatories on trading houses located in this District to determine if any owe monies to Noble, in addition to Cargill, Inc.

### Prayer for Relief for Order Allowing Special Process Server

6.      Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure for an Order appointing Brett Van Benthysen or any other partner, associate, paralegal or agent of Reitler Kailas & Rosenblatt LLC, or any process server employed by We Serve NJ, in addition to the United States Marshall, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the plaintiff) may hold assets of, for or on account of, the defendant.

7.      To the extent this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effectuated by the Marshal as it simply involves delivery of the process to the respective garnishee(s).

**PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNIHSEES**

8.     Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the defendant, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present the Court amended Process seeking simply to identify other garnishee(s).

**PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS**

9.     Further, in order to avoid the need to repetitively serve the garnishees, plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served and throughout the next day, provided that process is served the next day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

10.     This is the first request of plaintiff Vedanta for any of the relief made herein.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 20, 2017

                                                                 _s/ Brett Van Benthysen_____
                                                                  Brett Van Benthysen